UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JORDAN JERICHO BAUTISTA-GUNTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:17-cv-127-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, USP-MCCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

*** *** *** ***

Jordan Jericho Bautista-Gunter is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Bautista-Gunter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], and he indicated on the front of the petition that he wanted it to be "filed under seal." [R. 1 at 1.] For the reasons set forth below, the Court will deny Bautista-Gunter's request to seal his petition and also deny his petition without prejudice.

In January 2017, Bautista-Gunter was convicted of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g) and carrying a weapon on an aircraft in violation of 49 U.S.C. § 46505. [R. 1 at 2.] Bautista-Gunter's criminal case is currently pending on direct appeal before the United States Court of Appeals for the Fifth Circuit. *See United States v. Jordan Bautista-Gunter*, No. 17-50084 (5th Cir. 2017).

Even though Bautista-Gunter's direct appeal remains pending, he went ahead and filed his § 2241 petition with this Court. [R. 1.] In the petition, Bautista-Gunter indicates that he was convicted of an offense under Maryland state law and says that that offense served as the predicate for his § 922(g) conviction. [R. 1 at 2, 7; R. 1-2 at 1-14.] Bautista-Gunter then argues that his state conviction was unconstitutional and, therefore, so is his § 922(g) conviction. [R. 1

at 2, 7; R. 1-2 at 1-14.] Bautista-Gunter also attacks his § 46505 conviction and makes a number of other arguments, including claiming that there was insufficient evidence against him, he received ineffective assistance of counsel, and the government committed misconduct. [R. 1 at 6-8; R. 1-2 at 1-14.] Bautista-Gunter asks the Court to nullify his state conviction, vacate his § 922(g) conviction, and reverse his § 46505 conviction. [R. 1 at 8.] Finally, Bautista-Gunter volunteers information about his alleged prior work history and suggests that the disclosure of this information would put him in danger; this appears to be the reason why Bautista-Gunter asked the Court to file his habeas petition under seal.

As an initial matter, the Court will deny Bautista-Gunter's request to seal his petition. That is because "[t]he courts have long recognized . . . a strong presumption in favor of openness as to court records," and Bautista-Gunter has not met his heavy burden to justify the non-disclosure of his petition. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation and quotation marks omitted). After all, Bautista-Gunter volunteered the information in question, and it appears that the information may already be public. Indeed, there is no indication that Bautista-Gunter's criminal case was sealed in its entirety, *see United States v. Bautista-Gunter*, No. 5:16-cr-176-DAE-1 (W.D. Tex. 2016), and Bautista-Gunter himself suggests that the information is already known and that the Bureau of Prisons has taken steps to protect him. [R. 1-1.] Given these facts, the Court will direct the Clerk of the Court to unseal this matter, including Bautista-Gunter's petition.

The Court will also deny Bautista-Gunter's habeas petition without prejudice because it is premature at best. While Bautista-Gunter tries to attack his convictions, he must first complete the direct appeal process and then, if necessary, file a motion for relief under 28 U.S.C. § 2255 before he can even attempt to pursue remedies under § 2241. *See Anzaldi v. Quintana*, No. 5:14-

cv-215-KKC, 2014 WL 2742580, at *2 (E.D. Ky. 2014); *Denton v. U.S. Atty. Gen.*, No. 6:12-cv-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. 2012).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall **UNSEAL** this matter, including Bautista-Gunter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**].

2. Bautista-Gunter's habeas petition [**R. 1**] is **DENIED WITHOUT PREJUDICE**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This the 22nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge